7495. BOSTWICK-GOODDELL CO. *v.* WOLFF *et al.,* executors.

Where the promissory note of a merchant was sent through a bank for collection, and he wrote to the original payee, enclosing a new note for the amount due and requesting the payee to "help him along and let him keep going," and to send him a check in time to pay the first note, and a check was accordingly sent to him with the statement that it was sent to "take care" of that note, and he deposited the check in bank to his credit, the amount so received constituted a trust fund or special bailment for the purpose specified; and the deposit was not subject to garnishment by other creditors, it not being disputed that the sum standing to the depositor's credit in the bank was money arising from the deposit of the check.

DECIDED DECEMBER 8, 1916.   JUDGE HILL, OF THE ATLANTA CIRCUIT, WAS DESIGNATED TO SIT INSTEAD OF JUDGE HODGES, WHO WAS DISQUALIFIED.

Garnishment; from city court of Macon—Judge Hodges. April 28, 1916.

*W. E. Martin Jr.,* for plaintiff.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.

HILL, J. Artope, doing business as the Southern Material Supply Company, executed to the Bostwick-Gooddell Company a promissory note for $232.85. This note was sent by the Franklin National Bank of Philadelphia to the American National Bank of Macon for collection, and the latter bank duly notified Artope of the date of its maturity. After receipt of this notice Artope wrote to the Bostwick-Gooddell Company that he would be unable to pay the note, and asked the company to "help him along and let him keep going," and he enclosed in the letter a new note for the amount of the first note with interest, and requested the company to send to him its check for $232.85 in time to pay the first note. The Bostwick-Gooddell Company complied with this request, a check payable to the Southern Material Supply Company

being sent with a letter saying: "Agreeable to yours of the 27th, we enclose check for $232.85 for you to take care of your note due February 5th." This letter did not reach Artope until after the first note became due, and the note was protested by the bank in Macon and returned to the Franklin National Bank in Philadelphia. The check was deposited by him in the American National Bank to the general checking account of the Southern Material Supply Company, and on the day of the deposit he sent to the Bostwick-Gooddell Company a check of the Southern Material Supply Company for $234.85, to cover the amount of the first-mentioned note, protest fees, and exchange. The holders of a judgment against Artope obtained garnishment thereon against the American National Bank, and the bank answered that it was indebted to the Southern Material Supply Company in the sum of $197.49. This was the balance of the deposit made by Artope, represented by the check of the Bostwick-Gooddell Company; in other words, he had checked against this deposit, reducing it to $197.49. The Bostwick-Gooddell Company claimed this fund, traversing the answer of the bank. On the trial of the issue thus formed, the court found against the traverse and the claim made by the Bostwick-Gooddell Company, and entered judgment in favor of the plaintiffs for the amount held by the bank, and the Bostwick-Gooddell Company excepted.

We think the trial judge erred in the judgment so rendered. The sending of the check by the Bostwick-Gooddell Company to Artope was for the special purpose of taking up the note which he had made to that company in the name of the Southern Material Supply Company, and it constituted a special bailment for this purpose. While Artope deposited this check in his trade name, yet it is perfectly manifest from the allegations in the pleading, which were not denied, that he had no claim against this fund and had no right to deposit it in his own checking account. Artope having no right to any part of this fund, it could not be, either legally or equitably, appropriated, by the process of garnishment, to the payment of his debts. The note having been returned protested for nonpayment, it was his duty to return to the Bostwick-Gooddell Company the check which that company had sent to him for the purpose of paying the note. He had no legal right to keep the check, and certainly no right to appropriate it to his own use. The money

represented by the check was in no sense a loan, but strictly a trust fund for the purpose of permitting him to pay his note to the maker of the check, in compliance with his request, in order that the business conducted by him under the name of the Southern Material Supply Company might be kept going. He was simply a trustee to hold it for the benefit of the Bostwick-Gooddell Company. Garnishment is substantially an equitable attachment, and no change in the form of the trust property will prevent the beneficiary from reaching it, if it has not been so commingled with other money or property that it can not be identified as a distinct fund, or specifically separated. In the present case it is not disputed that the money in the hands of the bank was the money arising from the deposit of the check which Artope had received as a special bailee. For this reason we think the learned trial judge committed error in holding in effect that the garnishing creditors of Artope were entitled to this fund.                    *Judgment reversed.*